Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of INCORATA CIARLA, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE SOLVAY PROCESS COMPANY, Employer and Self-Insurer, Appellant.

Third Department, November 13, 1918.

**Workmen's Compensation Law — wages as basis of award — " production," " special," and " service " bonuses as part of wages.**

In computing the wages of an injured employee for the purpose of awarding compensation under the Workmen's Compensation Law, it is proper to take into consideration " production," " special," and " service " bonuses paid during the year immediately preceding the injury.

WOODWARD, J., dissented.

APPEAL by the defendant, The Solvay Process Company, from so much of an award of the State Industrial Commission, entered in the office of said Commission on the 27th day of May, 1918, as is represented by the bonuses paid to claimant during the year preceding the date of injury.

*H. Duane Bruce,* for the appellant.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], *Robert W. Bonynge,* counsel to State Industrial Commission, and *Smith, Hayden & Setright,* claimant's attorneys, for the respondents.

LYON, J.:

The question involved upon this appeal is whether the claimant is entitled to have certain bonuses paid him during the year of his employment immediately preceding the injury considered as part of his wages.

Oswald Ciarla, under the name of Antonio Silvaggio, began work for the Solvay Process Company May 17, 1915. He continued until his death August, 7, 1917. During the year immediately preceding his death there were paid to him certain bonuses known as " production " bonuses, aggregating $127.98. The payments were made to him in monthly sums based upon a certain determined percentage of his wages, as a gift and not as a part of his contract of employment. During January, 1917, there was paid him by the company a " special " bonus,

amounting to $26.13, computed upon the basis of eight percentum of the wages paid him during 1916. There was also paid him by the company a " service " bonus of one and a half per cent upon the wages paid him during the first year of his employment, amounting to $4.90. All these bonuses, aggregating $159.01, were paid voluntarily by the company and in no wise as part of its agreement to pay the deceased for his services as an employee. The claimant urges that she is entitled to have these sums considered as part of his wages in making an adjustment of the compensation to which she as widow is entitled. The company disputes this claim.

For the " production " bonus the company issued the following certificate:

" *The Solvay Process Company, Bonus for August, 1916.*

" The Directors of the Company hereby announce that the Company will pay to all its employees not under Participation Agreement a special bonus for the month of August, 1916. By applying at the Paymaster's office September 12, 1916, the bonus may be obtained. Thus voluntarily paying this bonus, the Directors desire to recognize the present emergency conditions of work and to encourage each employee to make his work as efficient and economical as possible, eliminating all waste both of material and effort.

(Signed) F. R. HAZARD,
" *President.*

" (Signed) JOHN D. PENNOCK,
' *General Manager.*"

The notice accompanying the July, 1917, bonus was in practically the same form, to which there was added: " It has been noticed of late that absences from work without excuse have increased very much. Operation of the plant and construction cannot proceed economically unless employees attend faithfully and constantly to their duties. Unless a good excuse for absence is given to the foreman in advance, the Company may be obliged to withhold the bonus from those men who during a given month are absent from their work an unreasonable number of days." The " special " bonus was declared in 1916 " in recognition of the faithful and efficient work done by its employees during the past year under unusual

and emergency conditions." No notice was posted as to the " service " bonus.

" ' Wages ' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, including the reasonable value of board, rent, housing, lodging, or *similar advantage* received from the employer." (Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 3, subd. 9, as amd. by Laws of 1917, chap. 705.) These bonuses were paid " to encourage each employee to make his work as efficient and economical as possible, eliminating all waste both of material and effort." They were paid in order to keep the men, and as wages.

The cases of *Sloat* v. *Rochester Taxicab Company* (177 App. Div. 57) and *Skailes* v. *Blue Anchor Line, Ltd.* (4 B. W. C. C. 16) are in point and hold that voluntary gifts to an employee are properly considered as wages.

The award should be affirmed.

All concurred, except WOODWARD, J., dissenting.

Award affirmed.