[Civil No. 4646.   Filed June 14, 1944.]

[149 Pac. (2d) 687.]

KENNECOTT COPPER CORPORATION, a Corporation, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, and RAY GILBERT, FRED E. EDWARDS and EARL G. ROOKS, as Members of the Industrial Commission of Arizona, and JESUS JAIME, Respondents.

Messrs. Fennemore, Craig, Allen & Bledsoe, for Petitioner.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for Respondent Industrial Commission.

Messrs. Struckmeyer & Struckmeyer, for Respondent Jaime.

TRUMAN, Superior Judge.—By stipulation the agreed facts pertaining to the issue involved are as follows:

Jesus Jaime, applicant herein, was employed by defendant, Kennecott Copper Corporation, on or about the 13th day of February, 1942, under contract of employment as leynerman and miner whereby said applicant agreed to perform certain work as a leynerman and miner at the rate of $6.40 per eight hour day and employ such persons as were necessary in the performance of his work, which persons were to be satisfactory to the foreman in charge of the particular area in which said applicant was working and that such applicant was to further receive time and a half for all hours worked in any one week in excess of 40 hours and that in addition thereto the defendant employer Kennecott Copper Corporation agreed to pay said applicant, Jesus Jaime, additional compensation based upon the amount of work completed in any one week. Further under the terms of said contract, a fixed amount of work was to be performed in consideration of the guaranteed wage ($6.40 per 8 hour day with time and a half for all hours of work in any one week in excess of 40 hours), but under no circumstances was he to receive less than such guaranteed wage so long as he remained in the employ of petitioner.

The said applicant began work under the terms of said agreement on February 15, 1942, and that from February 16, 1942, to February 22, 1942, said employee performed other work in and about defendant employer's place of business at the regular miner wage but not under the contract hereinabove referred to. However, from February 22, 1942, until the time of applicant's injury on March 13, 1942, he worked under the terms of said contract and on the 13th day of March, 1942, the applicant received permanent injuries as a result of a blast from a missed hole in the course of his employment. That during said course of employment said applicant not only worked several

over-time shifts but in addition thereto received under the terms of his agreement additional monies in the sum of $32.84 based upon the excess over and above the minimum work completed under his contract. That the average monthly wage of such an employee at the regular rate plus over-time amounted to the sum of $179.20. The Commission after a rehearing made an award to the applicant on the basis of such $163.20 plus $32.84. From this award the petitioner appeals on the grounds that it is not conformative to the expressed statutory provision of Section 56–952, Arizona Code Annotated, 1939, and more particularly the last sentence thereof which reads as follows:

"If the employee is working under a contract by which he is guaranteed an amount per diem or per month, notwithstanding the contract price for such labor, then said employee or his subordinates or employees working under the terms of such contract, or his or their dependents in case of death, shall be entitled to receive compensation on the basis only of the guaranteed wage as set out in said contract of employment, whether paid on a per diem or a monthly basis, but in no event shall the basis be less than the wages paid to employees for similar work not under contract."

Respondents position and that of applicant is that the above referred to quotation of such Section does not apply to the fact situation presented herein in that this particular provision was meant (1) to apply wherein an employee was given a guaranteed wage plus a commission such as a salesman or store manager, or (2) that this was not a contract of such nature that only the guaranteed wage would be considered as the wage under our Workmen's Compensation Law but that the entire earnings of such an employee as the applicant should be considered as the

wage upon which an award for injuries should be based.

■ The applicant has cited the case of *Ciarla* v. *Solvay Process Company*, 184 App. Div. 629, 172 N. Y. Supp. 426, and a similar line of cases as authority for this latter contention. However, we believe that these cases are not in point for they involve a voluntary bonus or gift on the part of the employer or as a result of their employment they are placed in a position to receive gratuitous tips. Other cases cited by respondents are not helpful. The language of the statute and more particularly that of the fourth sentence of Section 56–952 is to this Court clear, unambiguous and unequivocable and cannot be disregarded. *State* v. *Borah*, 51 Ariz. 318, 76 Pac. (2d) 757; *Automatic Reg. Mach. Co.* v. *Pima County*, 36 Ariz. 367, 285 Pac. 1034; *Industrial Comm.* v. *Price*, 37 Ariz. 245, 292 Pac. 1099; *Palmcroft Dev. Co.* v. *Phoenix*, 46 Ariz. 200, 49 Pac. (2d) 626, 103 A. L. R. 802.

■ There can be no question that there existed a contract of employment between applicant and petitioner, that there was a guaranteed wage and in view of the language of the statute, "shall be entitled to receive compensation on the basis only of the guaranteed wage as set out in said contract of employment," it is our view that only one conclusion can be drawn, that the Commission erred in using the additional monies paid to applicant over and above his guaranteed wage as part of the basis for the award.

The award is therefore set aside.

ROSS and STANFORD, JJ., concur.

NOTE: Because of the illness of McALISTER, C. J., the Honorable W. C. TRUMAN, Judge of the Superior Court of Pinal County, was called in to sit in his place and stead.