[Civil No. 4824. Filed July 14, 1945.]

[161 Pac. (2d) 113.]

RALPH L. WELLS, Petitioner, v. INDUSTRIAL COMMISSION OF ARIZONA, and RAY GILBERT, EARL G. ROOKS, and FRED E. EDWARDS, as Members of the Industrial Commission of Arizona, and HAROLD F. HENSLEY, Defendant Employer, Respondents.

Mr. Phil J. Munch, for Petitioner.

Mr. H. S. McCluskey, and Mr. David P. Jones, of Counsel, for Respondent Commission.

MORGAN, J.—The petitioner, from August 1, 1943, to April 23, 1945, was regularly employed as a salesman, and received $190 per month, with a bonus. Without the knowledge of his employer, and during hours when he was not engaged in his regular employment, he worked as a painter in the thirty days preceding his injury for two different employers, receiving a total of $40.95, thus making his total earnings for the thirty days immediately preceding his injury which occurred on April 23, while working as a painter, $230.95. The commission allowed him benefits on the basis of his total wages earned for the thirty-day period, exclusive of the bonus received from his regular employment.

From this award, petitioner has appealed. He takes the following positions: (1) Although during the

thirty days prior to the accident, petitioner earned only $40.95 from painting jobs, these actual earnings having been made during a period of thirteen days (half of a twenty-six day working month), he should have been allowed an additional $40.95 for the remaining thirteen days in which no work was actually performed, making the total average monthly wage from painting $81.90, thus making the basis of average monthly wages $271.90 instead of the amount actually earned; (2) the rate of pay petitioner was receiving in the painting industry was $11.70 per day, six hours' working time for twenty-six days, totaling $304.20, which, in any event, should have been the basis for the award; (3) the actual monthly wage of petitioner as a salesman, $190, should have been added to the average wage he could have secured for working continuously on the painting job, making the basis upon which the award should have been allowed, $494.20.

Several decisions of this and other courts have been called to our attention, none of which have very much bearing upon the question before us. However, they will be considered in due course. Primarily, the award and the claims of the petitioner must be determined by reference to Section 56–952, Arizona Code Annotated 1939, which provides for the measure of compensation. Before considering this section, however, we might call attention to the fact that the petitioner was insured in all of the various occupations in which he was employed, and that as to each of his employments he was an employee within the meaning of the Workmen's Compensation Law. He was a skilled painter and capable of earning the usual and ordinary wages paid to members of that craft. At the time of the injury he was working for the respondent Hensley, who had knowledge, however, that petitioner was also being employed by another contractor.

Section 56–952, *supra,* provides that where an employee shall be injured by an accident arising out of and in the course of his employment, he shall receive compensation fixed on the basis of average monthly wage at the time of the injury. The second and third sentences of the section read as follows:

"The term 'monthly wage' shall mean the average wage paid during and over the month in which such employee is killed or injured. If the injured or killed employee has not been continuously employed for the period of thirty (30) days immediately preceding the injury or death, the average monthly wage shall be such sum as, having regard to the previous wage of the injured employee, or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident."

In making the award, the commission properly eliminated the bonus being paid by the regular employer to the petitioner, applying the rule announced in *Kennecott Copper Corp.* v. *Industrial Comm.,* 61 Ariz. 387, 149 Pac. (2d) 687. It also applied the rule announced in *Butler* v. *Industrial Comm.,* 50 Ariz. 516, 73 Pac. (2d) 703, and in *Bamberger Electric R. Co.* v. *Industrial Comm.,* 59 Utah 257, 203 Pac. 345, that where a workman is employed by two or more employers, and is injured while in the employ of one, he is entitled to have his wages calculated on the total wages received. In the Butler case, the facts disclosed that the workman was traveling between the two different employments at the time of the injury and was, in effect, performing work for both employers, and compensation was divided between them. Here, at the time of the injury, petitioner was actually performing work for only one employer, therefore the rule used in the

Bamberger case was applied and the compensation charged entirely to respondent Hensley.

■ It would seem to us that petitioner's first contention is foreclosed by the decision of this court in *Brisendine* v. *Skousen Bros.*, 48 Ariz. 416, 62 Pac. (2d) 326. The actual wages received by petitioner from his painting occupation, under the circumstances shown here, is the basic wage from that employment. There is nothing in the record which discloses that the rule in *Jackson* v. *Del E. Webb Const. Co.*, 61 Ariz. 391, 149 Pac. (2d) 685, may be applied. He was not continuously available for employment in the work of painting. His work was wholly intermittent. Nor is there any proof of previous employment and wages earned in prior months in these painting jobs from which any average may be computed. The actual wages earned in the month preceding the injury is the measure to be applied under the statute and the Brisendine decision.

■ If the applicant had been available for steady work in painting and the employment was intended to be of a continuous character, then the rule announced in Jackson v. Del E. Webb Const. Co., *supra*, would support petitioner's second proposition, notwithstanding he worked only a portion of the month. In such case the sum of $304.20 would be the proper monthly basis for the computation of benefits. However, it is obvious that the petitioner who was steadily employed as a salesman could work only as a painter intermittently and at odd times. The facts do not warrant a finding that such an amount (full-time painting wages) would represent the monthly earning capacity of the petitioner at the time of the accident.

■ Petitioner's third ground can be sustained on no reasonable theory. The test, under the statute, is earning capacity. It is patent that petitioner could not, while being continuously employed as a salesman

five days each week, work twenty-six days in each month as a painter. ·

The award of the commission seems to us to be in all respects proper and fully justified by the facts and the law. Section 56–952, *supra,* provides that compensation shall be fixed "on the basis of average monthly wage at the time of injury." The evidence as to this was $190 per month as a salesman, and $40.95 as a painter for the month in which the accident occurred. Under the rule applied by this court in Butler v. Industrial Comm., *supra,* and by the Supreme Court of Utah, in Bamberger Elec. Co. v. Industrial Comm., *supra,* the commission used the total of applicant's wages from all employments, $230.95, as the basis for computation of benefits. This sum from the evidence reasonably represents the monthly earning capacity of petitioner from all employments at the time of the injury. The evidence would not have justified any other result.

Since in Butler v. Industrial Comm., the burden of payment of compensation for the injured employee was divided between the two employers, we did not have occasion to discuss the precise questions which are here presented. May the total wages of an employee from different employers be used as the basis for benefits when the injury arises out of one of the employments wholly unrelated to the others? In such case, may the award be assessed against the employer for whom the employee was working at the time of the accident?

The statute does not in terms limit the compensation to average wage received by the employee from the employer for whom he is working at the time of the injury. Sec. 56–952 provides, without limitation, that the injured workman "shall receive the compensation herein fixed, on the basis of average monthly wage at the time of injury." It will be noted that the law does not state that this average

monthly wage is the wage being received from the particular employer. Where the workman is regularly employed in a single occupation but there has been no continuous employment for thirty days, the third sentence of this section provides a formula to arrive at a wage which "reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident." The measure of the basic wage under this formula is substantially the average monthly wage for similar services.

■ The rule of construction which must govern us in all matters pertaining to the Workmen's Compensation Law is stated with unusual clarity in *Butler* v. *Industrial Comm. supra* [50 Ariz. 516, 73 Pac. (2d) 705], from which we quote:

"And since the act is wholly remedial, it should be given a liberal construction to accomplish the purpose intended. *Federal Mut. L. Ins. Co.* v. *Industrial Comm.*, 31 Ariz. 224, 252 Pac. 512; *Ocean Accident & Guarantee Corp.* v. *Industrial Comm.*, 32 Ariz. 265, 257 Pac. 641; *Federal Mut. L. Ins. Co.* v. *Industrial Comm.*, 32 Ariz. 293, 257 Pac. 982; *Kress & Co.* v. *Industrial Comm.*, 38 Ariz. 330, 299 Pac. 1034; *Ossic* v. *Verde Central Mines,* 46 Ariz. 176, 49 Pac. (2d) 396, 401. In the last-named case, we said: 'While we may not violate the clear language of the act, merely because in our opinion we think some other provision would have been wiser, yet where there is any reasonable doubt as to the construction to be given it, either in part or in whole, that construction should be adopted, which will best effect the purpose of seeing that the injured workmen is reasonably compensated for the loss of his earning power caused by the injuries which he has sustained through a compensable accident.' "

We think the commission complied with the rule of construction which we have just quoted, and particularly with the expression of this court in *Ossic* v. *Verde Central Mines,* 46 Ariz. 176, 49 Pac. (2d) 396.

Where an employee is working for several different employers and is injured, in order that he may be reasonably compensated for the loss of his earning powers, his total wages must be taken into consideration. Any other construction of the statute would result in great injustice and lead to absurdities. For instance, a skilled employee might be regularly employed during different periods of a month in separate occupations on a part-time basis. If he happened to be injured in the employment that paid him the least amount of money during the month, and his wages from the other employments could not be considered, he would receive entirely inadequate compensation which would not represent his earning capacity.

Under statutes similar to ours, it is held that the proper wage is the total received from all employers. Bamberger Elec. Co. v. Industrial Comm., *supra; Western Metal Sup. Co.* v. *Pillsbury,* 172 Cal. 407, 156 Pac. 491, 496. These cases hold also that when the employments are not joint, as in the Butler case, the entire burden of payment or responsibility falls upon the employer in whose employment the workman was injured. In answer to the claim that where the total wages of the employee are added together and imposed upon the particular employer in whose employ the employee was at the time of the accident, in Western Metal Supply Co. v. Pillsbury, *supra,* the court said:

" . . . There is undoubtedly an element of hardship in throwing the entire burden upon the applicant (employer). The burden is, however, thrown upon it under the act by reason of the fact that the employé was killed while in its service."

The reasons would appear to us to be obvious. If the employee was not working for others, presumably he would be giving his full time to the employer in whose service he was injured and would, therefore,

be entitled to compensation on the basis of wages for full time.

Of necessity the statement of this court appearing in the Brisendine case *supra* [48 Ariz. 416, 62 Pac. (2d) 330],

"So long as the premium payable to the compensation fund or for private casualty insurance is based upon the real pay roll of the employer, just so long the compensation paid must be based upon the wages actually received by the employee . . . "

is not followed. If the basic wage was limited by premiums payable on the real payroll, no effect could be given to the third sentence of Section 56–952, *supra,* providing the measure as the average monthly wage when the employee has not worked a full month, since the premiums would be based on the actual wage paid rather than for a full month. Likewise, an employee would be penalized, although regularly employed, in case of layoffs from illness or other causes. Under the facts in the Brisendine case, the only basis for compensation was the actual wage received for the month immediately preceding the accident. The workman was not regularly employed and there was no proof of wages from other employments. The decision, even though supported by an erroneous reason, applies the correct rule.

While the matter is not now before us, we feel it our duty to state that where, as here, an employee is injured who is working in several employments and the burden of compensation is imposed upon one employer, the basic wage upon which benefits are computed should be limited to the total amount that the employee would have received from such employer if he were employed continuously at the usual and regular rates for the particular services he was performing at the time of the accident. It is our view that the statute does not contemplate that any employer for whom an employee is working on a

part-time basis should be compelled to assume a burden of compensation greater than the amount chargeable if the employee were working for him on a full-time basis.

The award is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.