16851

McCUMMINGS v. ANDERSON THEATRE CO. *ET AL.*

(81 S. E. (2d) 348)

188

*Messrs. Whaley & McCutchen,* of Columbia, *for appel-lants,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondent,*

March 29, 1954.

TAYLOR, Justice.

The Circuit Judge affirmed *in toto* the findings of the Commission to the effect that claimant's compensation rate is to be based upon his total earnings and the employer and its carrier appeal to this Court contending that there was error in the following particulars:

1. In affirming the award of the Industrial Commission to respondent, the error being that the uncontradicted evidence establishes that the average weekly wage of respondent, for the purposes of a workmen's compensation claim against the employer, was $6.00 per week, so that the minimum allowance of $5.00 per week compensation benefits was applicable instead of the maximum benefits of $25.00 per week based upon average weekly wages of $61.00 per week.

2. In affirming the award of the Industrial Commission to respondent, the error being that the Workmen's Compensation Law provides that the "average weekly wage," as a basis for computing benefits under that law, is the wage earned by the employee in the employment in which injury occurs, and not the combination of the wages earned in that and other unconnected employment.

We are of the opinion that both of these questions must be resolved against contentions of appellants as we find no error in the order of the Circuit Court when considered in the light of the questions raised but such is not to be considered as a precedent for the purpose of computing an employee's average weekly wages within the contemplation of the Workmen's Compensation Act.

Inasmuch as the question of how a claimant's weekly wage should be computed is a most important one and no other method other than those above referred to was raised or discussed either in the briefs or in oral argument, we prefer not to pass upon any other method of doing so until properly before this Court and fully argued.

BAKER, C. J., STUKES, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

OXNER, J., concurs in result.

OXNER, Justice (concurring in result).

Respondent contends, and the Court below held, that his average weekly wages should be calculated on the basis of his combined earnings as bricklayer and theater worker, while appellants contend that he should be limited to the $6.00 per week received from the theater.

Where an employee sustains an accidental injury while concurrently engaged in similar employment for two or more employers, there is a diversity of opinion as to whether his average weekly wages should be computed on the basis of the total compensation from all employments, or solely on the basis of the compensation received from the employer for whom he was working when injured. An excellent review of the authorities will be found in the recent case of *St. Paul-Mercury Indem. Co. v. Idov*, 88 Ga. App. 697, 77 S. E. (2d) 327, 330, which was affirmed by the Supreme Court of Georgia in 210 Ga. 256, 78 S. E. (2d) 799. The better view, I think, is to allow compensation on the basis of *total* earnings in all employments. This was the view

adopted in the foregoing decision. But the Georgia Court restricted its application to concurrent work "similar in character to the work in the course of which the accident was sustained." In the instant case the two employments were wholly dissimilar. Under these circumstances, I think the correct method of determining respondent's weekly wages is to ascertain the amount which he would have received had he been regularly employed by the theater in the type of work in which he was engaged when injured. Where the employments are unrelated, I would apply the following rule laid down by the Supreme Court of Arizona in *Wells v. Industrial Commission,* 63 Ariz. 264, 161 P. (2d) 113, 116:

"Where * * * an employee is injured who is working in several employments and the burden of compensation is imposed upon one employer, the basic wage upon which benefits are computed should be limited to the total amount that the employee would have received from such employer if he were employed continuously at the usual and regular rates for the particular services he was performing at the time of the accident. It is our view that the statute does not contemplate that any employer for whom an employee is working on a part-time basis should be compelled to assume a burden of compensation greater than the amount chargeable if the employee were working for him on a full-time basis."

The record does not disclose sufficient information for the calculation of respondent's wages according to the foregoing formula. In fact, this theory seems not to have been advanced by either party in the Court below and is not raised on this appeal. Doubtless the failure of appellants to do so was because they would have gained little, if anything, in result. But the principle is important.

The sole question raised by the exceptions is that the Court erred in not restricting respondent's weekly wages to the sum of $6.00, the amount he received from the theater. I agree that this method of computation is unsound. Under these circumstances, I concur in the result of the majority opinion.