22676

Leonard R. BOLES, employee, Appellant v. UNA WATER DISTRICT, employer, and Pennsylvania National Mutual Casualty Insurance Company, insurer, Respondents.

(353 S. E. (2d) 286)

Supreme Court

*C. Ben Bowen, D. Michael Parham* and *Linda D. McKenzie* of *Abrams, Bowen & Parham*, Greenville, *for appellant.*

*Michael B. T. Wilkes* of *Ward, Barnes, Long, Hudgens, Adams & Wilkes*, Spartanburg, *for respondents.*

Heard Nov. 21, 1986.

Decided Feb. 16, 1987.

*Per Curiam:*

In this worker's compensation action, appellant was permanently and totally disabled in March 1980 while working as a voluntary fireman. In determining appellant's rate of compensation, the hearing commissioner computed appellant's average weekly wages by combining the statutory salary for a voluntary fireman with the average weekly wages appellant earned at his regular job. The full Industrial Commission affirmed. The circuit court reversed, finding that appellant's average weekly wages were limited to the statutory salary for a voluntary fireman provided in S. C. Code Ann. § 42-1-40 (1976).[1] We reverse.

At the time of appellant's injury on March 29, 1980, § 42-1-40, *supra*, provided four basic methods of computing average weekly wages. This Section also provided that:

> [w]hen for exceptional reasons the foregoing [methods] would be unfair, ... such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

A subsequent provision of § 42-1-40, *supra*, provided that the average weekly wage of a voluntary fireman

---

[1] Since the accident in this case, the portion of § 42-1-40 dealing with voluntary firemen has been replaced by S. C. Code Ann. § 42-7-65 (1986). Section 42-7-65 expressly provides that the set wage for volunteer fireman cannot be increased by wages from other employment.

shall be deemed to be eighty four ($84.00) dollars. The circuit court interpreted this provision to limit appellant's average weekly wages to that amount. Generally, however, when an employee works at concurrent jobs, the employee's wages from his multiple jobs may be combined to compute his average weekly wages. *Foreman v. Jackson Minit Markets, Inc.*, 265 S. C. 164, 217 S. E. (2d) 214 (1975); *McCummings v. Anderson Theatre Company*, 225 S. C. 187, 81 S. E. (2d) 348 (1954). Since appellant's lost earning capacity exceeds the statutorily set salary for a voluntary fireman, his voluntary fireman's salary may be combined with his other wages to compute his average weekly wages.

We conclude that there is substantial evidence in the record to support the findings and conclusions of the Commission and that no errors of law were committed. Accordingly, we hold that the circuit court erred in reversing the order of the Industrial Commission.

Reversed.

HARWELL, J., not participating.