542 S.E.2d 732

**John Q. BRUNSON, Jr., Employee, Respondent,**

v.

**WAL–MART STORES, INC., Employer, and The Insurance Company of the State of Pennsylvania, Carrier, Appellants.**

No. 3278.

Court of Appeals of South Carolina.

Heard Nov. 7, 2000.
Decided Jan. 8, 2001.

108

David M. Yokel and Laura W.H. Teer, both of Mitchell, Bouton, Yokel & Childs, of Greenville, for appellants.

John C. Land, III and William Ceth Land, both of Land, Parker & Reaves, of Manning, for respondent.

STILWELL, Judge:

In this workers' compensation action, Wal–Mart Stores, Inc. appeals the order of the circuit court affirming the full commission's calculation of John Brunson's weekly compensation rate. We reverse and remand.

## BACKGROUND

This action arises out of an admitted injury by accident Brunson sustained on December 6, 1997, while employed by Wal–Mart. Brunson was working in Wal–Mart's maintenance room when a hot water tank exploded, causing first to third degree burns to over twenty-seven percent of his body. Brunson also suffered visible disfigurement as well as damage to his lungs.

At the time of the accident, Brunson was employed by Osteen Publishing Co. in addition to his employment with Wal–Mart.[1] Brunson only planned to work at both Wal–Mart and Osteen for a brief period of time in order to make extra money over the holiday season. A senior at the University of South Carolina, Brunson intended to return to school after the holidays and to then work solely for Osteen. At the time of his injury, Brunson had already given notice of his resignation to Wal–Mart.

Wal–Mart admitted Brunson suffered compensable injuries. The single commissioner determined Brunson's average week-

---

1. According to the single commissioner's order, Brunson contends that he began working at Osteen on December 4, 1997, two days before the accident at Wal–Mart on December 6, 1997.

ly wage to be $571.28, resulting in a compensation rate of $381.04. The single commissioner arrived at this amount by adding Brunson's wages from Wal–Mart ($371.28 per week) to one-half the wage he found Brunson would earn at Osteen ($200 per week).

Wal–Mart appealed this decision to the full commission, contending the single commissioner erred in adding half of Brunson's weekly Osteen salary to his average weekly wage at Wal–Mart. The full commission affirmed and adopted in toto the single commissioner's order. The circuit court affirmed on appeal.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). The reviewing court may not substitute its judgment for that of the full commission as to the weight of the evidence on questions of fact, but may reverse if the decision is affected by an error of law. *See* S.C.Code Ann. § 1–23–380(A)(6) (Supp.1999); *Gibson v. Spartanburg Sch. Dist. # 3,* 338 S.C. 510, 516, 526 S.E.2d 725, 728 (Ct.App.2000). "A reviewing court should affirm a decision by the Full Commission unless it is clearly erroneous in view of the substantial evidence on the whole record." *Gray v. Club Group, Ltd.,* 339 S.C. 173, 183, 528 S.E.2d 435, 440 (Ct.App. 2000) (relying on *Lark,* 276 S.C. 130, 276 S.E.2d 304). Substantial evidence is evidence which, viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the full commission reached. *Miller v. State Roofing Co.,* 312 S.C. 452, 454, 441 S.E.2d 323, 324–25 (1994).

## DISCUSSION

Wal–Mart argues the circuit court erred in affirming the full commission's decision that Brunson's temporary dual employment at Wal–Mart and Osteen was an "exceptional reason" justifying deviation from the standard method of calculating a claimant's average weekly wage under S.C.Code Ann. § 42–1–40 (1985 & Supp.1999). Wal–Mart also contends that even if such deviation from the standard calculation was warranted

under section 42–1–40, the full commission's alternative calculation is unfair to Wal–Mart since Brunson did not intend to continue working both jobs after the holidays.

The computation of a claimant's "average weekly wages" is statutorily determined by section 42–1–40. This section provides in pertinent part:

> "Average weekly wages" means the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury,
>
> . . . .
>
> *When for exceptional reasons the foregoing would be unfair,* either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

S.C.Code Ann. § 42–1–40 (emphasis added).

Our appellate courts have upheld the full commission's decision to deviate from the statutory method based on the "exceptional reasons" language in the latter part of the statute, including the circumstance of an employee's dual employment. *See Boles v. Una Water Dist.,* 291 S.C. 282, 284, 353 S.E.2d 286, 287 (1987) ("Generally, ... when an employee works at concurrent jobs, the employee's wages from his multiple jobs may be combined to compute his average weekly wages."); *Foreman v. Jackson Minit Mkts., Inc.,* 265 S.C. 164, 217 S.E.2d 214 (1975) (upholding the full commission's decision for exceptional reasons to combine an employee's wages earned concurrently from two separate employers in calculating the average weekly wage under the statutory predecessor to section 42–1–40); *McCummings v. Anderson Theatre Co.,* 225 S.C. 187, 81 S.E.2d 348 (1954) (affirming the commission's deviation due to the exceptional reason of dual employment under a statutory predecessor to section 42–1–40, but limiting its decision to the facts of the case); *Booth v. Midland Trane Heating & Air Cond.,* 298 S.C. 251, 379 S.E.2d 730 (Ct.App. 1989) (finding an employee's substantial salary increase over a short period of time was a sufficient exceptional reason to justify calculating the average weekly wage at the higher wage rate the employee was earning at the time he was injured).

■ Wal–Mart contends Brunson was not really a dual employee because he intended to work only for Osteen after the holiday season, and that the two-day overlap in employment, coupled with Brunson's stated intention not to return to Wal–Mart, is not an exceptional reason sufficient to justify a deviation from the standard statutory scheme. In the face of this argument, the full commission adopted the single commissioner's reasoning that Brunson's employment at both Wal–Mart and Osteen was an exceptional circumstance requiring deviation from the standard method of calculating a claimant's average weekly wage pursuant to section 42–1–40. We find the commission was justified in so ruling.

■ However, we agree with Wal–Mart the full commission erred as a matter of law in the method utilized in computing Brunson's average weekly wage. Section 42–1–40 "obviously takes into consideration the fact that unusual circumstances relative to employment may occur. An elasticity or flexibility is permitted with a view toward always achieving the ultimate objective of reflecting *fairly* a claimant's probable future earning loss." *Bennett v. Gary Smith Builders*, 271 S.C. 94, 98, 245 S.E.2d 129, 131 (1978) (emphasis added) (reversing the lower court's calculation of claimant's average weekly wage as a full-time, year-round employee "as grossly unfair to the employer" since it would require the employer to pay almost twice what the employee, who only worked three to four months out of the year, actually earned). *See* § 42–1–40 ("When for exceptional reasons the [standard calculation] would be *unfair*, either *to the employer* or employee, such other method of computing average weekly wages may be resorted to . . . ." (emphasis added)).

■ Obviously, the amount which Brunson would have earned during the holiday season while he was employed with both Wal–Mart and Osteen would have been greater than his average weekly wage from Wal–Mart alone. However, it is grossly unfair to Wal–Mart to require payments based on Brunson's dual employment status since he did not intend to work both jobs after the holidays. Therefore, we remand this case to the full commission for the purpose of making a factual finding as to how long Brunson would have worked both jobs during the holidays. Upon making this factual determination,

the full commission should reconsider the calculation of Brunson's average weekly wage in light of the exceptional reason of his temporary dual employment solely over the holiday season. We believe this method of calculating Brunson's average weekly wage and compensation rate will bring about a more fair result for both Brunson and Wal–Mart.

Additionally,. Wal–Mart contends the circuit court erred in failing to remand this case to the full commission for sufficient findings of fact. Because the full commission adopted the order of the single commissioner in toto, Wal–Mart asserts the full commission failed to make a concise and explicit statement of the underlying facts supporting its findings under *Baldwin v. James River Corp.*, 304 S.C. 485, 405 S.E.2d 421 (Ct.App.1991) (reversing the full commission for making only conclusory findings of fact instead of providing a specific and definite statement of the factual findings underlying its decision). This argument is not preserved for our review as Wal–Mart did not raise this issue to the circuit court. *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 517, 466 S.E.2d 357, 358 (1996) ("Arguments not raised to the workers' compensation commission or to the circuit court are not preserved for appeal.").

For the foregoing reasons, this case is reversed and remanded to the circuit court for the purpose of remanding to the full commission to amend its award in keeping with the views expressed herein.

**REVERSED AND REMANDED.**

HEARN, C.J., concurs.

ANDERSON, J., dissents in a separate opinion.

ANDERSON, Judge (dissenting):

I respectfully dissent. The result reached by the majority imposes an improper judicial limitation upon S.C.Code Ann. § 42–1–40 (1985 & Supp.1999) and the Full Commission. This decision threatens the right and duty of the Commission to factually analyze and apply the statute.

The procedural posture of this case reveals a decision by the Single Commissioner, affirmed in toto by the Full Commis-

sion, and validated by the Circuit Court. The only issue in this case is the interpretation and application of S.C.Code Ann. § 42–1–40 (1985 & Supp.1999):

"Average weekly wages" means the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury. . . .

*When for exceptional reasons the foregoing would be unfair,* either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury. (Emphasis added).

This statute squarely places upon the Commission the authority to determine if "exceptional circumstances" exist justifying a deviation.

The cases of *Boles v. Una Water Dist.,* 291 S.C. 282, 353 S.E.2d 286 (1987); *Foreman v. Jackson Minit Mkts., Inc.,* 265 S.C. 164, 217 S.E.2d 214 (1975); *McCummings v. Anderson Theatre Co.,* 225 S.C. 187, 81 S.E.2d 348 (1954); and *Booth v. Midland Trane Heating & Air Cond.,* 298 S.C. 251, 379 S.E.2d 730 (Ct.App.1989), are cited by the majority. Consistently, the holding in all the cases is that the Full Commission's factual determination of deviation due to "exceptional circumstances" is a matter left to the sound discretion of the Commission under the statute.

The majority invades the province of the Workers' Compensation Commission by injecting an appellate court formula. The formula devised by the majority eviscerates the language of the statute. I disagree with the mathematical recipe approved by the majority. There is no fairness in the judicial windfall bestowed upon Wal–Mart. The majority emphasizes the temporal status of the Osteen employment. Such reliance skews the mathematical calculation and renders the statute nonefficacious.

Here, the Commission has exercised sound discretion in deciding the factual issue of deviation. I believe it is error to conclude as a matter of law that the Commission incorrectly computed the employee's wages. I would affirm the order of the Circuit Court.