THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
William Cassidy, Employee,       
Respondent,
 
 
 

v.

 
 
 
Wilson Tree Co., Employer, & National 
 Union Fire Insurance Company, Carrier,       
Appellants.
 
 
 

Appeal From Chesterfield County
J. Ernest Kinard, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-225
Heard March 11, 2003  Filed March 25, 
 2003

AFFIRMED

 
 
 
Sherod H. Eadon, of Columbia, for respondent.
Grady L. Beard and Marcy J. Lamar, of Columbia, for appellants.
 
 
 

 PER CURIAM:   In this 
 workers compensation action, a single Workers Compensation Commissioner (the 
 commissioner) found William Cassidy totally and permanently disabled due to 
 organic brain damage.  The South Carolina Workers Compensation Commission (the 
 full commission) adopted the commissioners findings and, on appeal, the circuit 
 court affirmed.  Wilson Tree Co. and its workers compensation insurance carrier, 
 (collectively, Wilson Tree) appeal.  We affirm.
FACTS/PROCEDURAL HISTORY
Cassidy sustained a work-related injury to his 
 head on December 16, 1991.  During the next eight years, he was seen by numerous 
 psychiatrists, neurologists, and clinical psychologists to assess and treat 
 his resulting brain damage.
In 1999, following several workers compensation 
 hearings, the commissioner found Cassidy: 1) was totally and permanently disabled 
 because of organic brain damage; 2) was unable to work; 3) was not malingering 
 or subject to outside stressors; 4) reached maximum medical improvement (MMI) 
 on May 31, 1999; and 5) required additional medical treatment.  The commissioner 
 ordered Wilson Tree to pay Cassidy lifetime medical benefits and lifetime disability 
 benefits of $292.98 per week.  The full commission adopted the commissioners 
 findings and affirmed the commissioners order.
Wilson Tree appealed the full commissions order 
 to the circuit court, which remanded the case back to the full commission, ruling 
 the full commission failed to consider certain documents submitted by Wilson 
 Tree.  After reviewing the record a second time, the full commission issued 
 a second order, affirming the commissioners order.  Wilson Tree appealed to 
 the circuit court, which affirmed the full commissions second order.  Wilson 
 Tree appeals.
LAW/ANALYSIS
I.       Total & Permanent Disability
Wilson Tree argues the circuit court erred in affirming 
 the full commissions findings that Cassidy was: 1) totally and permanently 
 disabled; 2) not able to work; 3) not malingering; and 4) not subject to outside 
 stressors.  We disagree.
The Administrative Procedures Act established the 
 standard of review for decisions by the full commission.  See Lark 
 v. Bi-Lo, Inc, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981).  An appellate 
 court may only reverse or modify the full commissions decision if its findings 
 or conclusions are clearly erroneous in view of the reliable, probative, and 
 substantial evidence [in] the whole record.  S.C. Code Ann. § 1-23-380(A)(6) 
 (Supp. 2002); see Brunson v. Wal-Mart Stores, Inc., 344 S.C. 107, 
 110, 542 S.E.2d 732, 733 (Ct. App. 2001).  [S]ubstantial evidence is evidence 
 which, considering the record as a whole, would allow reasonable minds to reach 
 the conclusion that the administrative agency reached to justify its action.  
 Stokes v. First Natl Bank, 306 S.C. 46, 50, 410 S.E.2d 248, 251 (1991).
During several workers compensation hearings, 
 Cassidys authorized treating psychiatrist, Dr. Hotchkiss, stated Cassidy would 
 suffer further harm if he returned to work, was not malingering, could handle 
 the normal stressors of everyday life, and had organic brain damage and psychiatric 
 problems.  Dr. Windsorova, a clinical psychologist, confirmed Dr. Hotchkisss 
 findings that Cassidy was not malingering and was unemployable.  Dr. Kent, a 
 neurologist, stated Cassidy had brain damage, was not malingering; and would 
 need psychiatric therapy for the remainder of his life.  Robert Deyasch, a neuropsychologist, 
 confirmed Cassidy had organic brain damage.
Wilson Tree argues other evidence exists in the 
 record which would refute the full commissions findings.  Wilson Tree asserts, 
 witnesses testified Cassidy was malingering, was subject to outside 
 stressors, was not permanently and totally disabled, and could 
 return to work.  However, Wilson Tree misapprehends this Courts standard of 
 review.
On appeal, this Court does not sit to determine 
 whether it would have made findings similar to those made by the full commission.  
 See Brunson, 344 S.C. at 110, 542 S.E.2d at 733 (holding [t]he 
 reviewing court may not substitute its judgment for that of the full commission 
 as to the weight of the evidence on questions of fact).  Rather, we must simply 
 determine whether the record contains sufficient evidence to support the full 
 commissions findings.  If the record contains this evidence and no error of 
 law was made, we must affirm the commissions order.  See S.C. Code Ann. 
 § 1-23-380(A)(6).
During the hearings, Cassidy presented substantial 
 evidence, in the form of testimony, depositions, and medical records, to support 
 the full commissions findings.  Therefore, although evidence exists in the 
 record which may have supported different findings, given this Courts limited 
 scope of review we find the circuit court did not err in affirming the full 
 commissions findings of fact.
II.      Maximum Medical Improvement
Wilson Tree argues the circuit court erred in affirming 
 the full commissions finding that Cassidy reached MMI.  We disagree.
[MMI] is a term used to indicate that a person 
 has reached such a plateau that in the physicians opinion there is no further 
 medical care or treatment which will lessen the degree of impairment.  OBanner 
 v. Westinghouse Elec. Corp., 319 S.C. 24, 28, 459 S.E.2d 324, 327 (Ct. App. 
 1995).  However, the fact a claimant has reached [MMI] does not preclude a 
 finding the claimant still may require additional medical care or treatment.  
 Dodge v. Bruccoli, Clark, Layman, Inc., 334 S.C. 574, 581, 514 S.E.2d 
 593, 596 (Ct. App. 1999).
Dr. Hotchkiss testified Cassidy reached MMI.  Both 
 Dr. Hotchkiss and Dr. Windsorova testified Cassidy had little chance for further 
 improvement.  Doctors Hotchkiss, Kent, and Windsorova all testified Cassidy 
 would benefit from continued treatment such as cognitive therapy, continued 
 medication, and psychotherapy.  Only Dr. Windsorova testified Cassidy had not 
 yet reached MMI.  However, in giving her opinion, she indicated she had to defer 
 to Dr. Hotchkiss because he was Cassidys treating psychiatrist.
Based on the testimony recounted above, we find 
 substantial evidence exists in the record to support the full commissions finding 
 that Cassidy had reached MMI.  Moreover, a finding that Cassidy has reached 
 MMI does not preclude a simultaneous finding of necessary future treatment.  
 See id.  Therefore, the circuit court did not err in affirming 
 the full commissions finding that Cassidy reached MMI and required continued 
 treatment.
III.    Attorney-Prepared Final Order
A.      Factual Findings
Wilson Tree argues the circuit court erred in failing 
 to reverse the commissioners final order, prepared by Cassidys attorney, because 
 it contained factual findings not provided for in the commissioners hearing 
 notes.  We disagree.
[T]he findings [of fact] in [an attorney-prepared] 
 order, though not the product of the trial judges mind, are formally his.  
 Such orders and the findings therein are not to be rejected out-of-hand; they 
 will stand if supported by the evidence.  Bankers Trust of South Carolina 
 v. Bruce, 283 S.C. 408, 418, 323 S.E.2d 523, 529 (Ct. App. 1984).
The commissioner sent six pages of notes pertaining 
 to the present case to Cassidys attorney with instructions for him to draft 
 the final order.  Subsequently, Wilson Tree objected to the inclusion of several 
 findings of fact included in the final order but not included in the commissioners 
 hearing notes.  The commissioner overruled Wilson Trees objection, finding 
 she had made no specific limitation on the findings of fact that could be included 
 in the final order but rather merely indicated findings in the final order could 
 not contradict those in her hearing notes.
We find no error.  By signing the final order, the 
 commissioner adopted the findings of fact as her own.  Moreover, in a workers 
 compensation action, the full commission, not the commissioner, is the ultimate 
 finder of fact.  Ross v. American Red Cross, 298 S.C. 490, 492, 381 S.E.2d 
 728, 730 (1989) (holding the Full Commission, as the ultimate fact-finder, 
 may make its own findings, adverse to those of the Single Commissioner).  Irrespective 
 of the commissioners attorney-prepared order, the full commission found Cassidy: 
 1) was totally and permanently disabled because of organic brain damage; 2) 
 was unable to work; 3) was not malingering or subject to outside stressors; 
 4) reached MMI; and 5) required additional medical treatment.  Therefore, the 
 circuit court did not err in affirming the full commissions final order.
B.      Video Tape
Wilson Tree argues the circuit court erred in affirming 
 the full commissions finding that Wilson Trees failure to admit into evidence 
 a surveillance videotape of Cassidy, made after his injury, created the inference 
 the tape did not show [Cassidy] engaging in physical or work-related activities 
 of significance.  We find this argument is not properly preserved for our review.
In its argument to the circuit court and on appeal 
 to this Court, Wilson Tree asserts it had a valid reason for deciding not to 
 introduce the videotape.  Wilson Tree claims the commissioner has a standing 
 policy of only reviewing the best three minutes of any videotape introduced 
 into evidence rather than the entire videotape, and for this reason Wilson Tree 
 decided not to introduce this evidence.
Drawing a negative inference from the failure to 
 introduce a videotape may seem unfair when a commissioner arbitrarily limits 
 or refuses consideration of properly admitted evidence.  However, in the present 
 case, we are unable to consider this issue.  The record on appeal contains neither 
 the commissioners alleged policy nor any directive from her purporting to limit 
 the videotapes review.  Furthermore, the record contains no evidence indicating 
 Wilson Tree provided the commissioner with this explanation of its decision 
 not to introduce the videotape.  Moreover, Wilson Trees counsel conceded at 
 oral argument that this particular argument regarding the videotape was not 
 made to the full commission.
Having failed to raise its argument to both the 
 commissioner and the full commission, and having failed to provide this Court 
 with an adequate record, Wilson Trees argument does not survive for appellate 
 review.  See Holy Loch Distribs., Inc. v. R.L. Hitchcock, 340 
 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) (holding to preserve an issue for appellate 
 review, the issue must have been raised to and ruled on by the trial court); 
 Abba Equip., Inc. v. Thomason, 335 S.C. 477, 486, 517 S.E.2d 235, 240 
 (Ct. App. 1999) (holding [t]he same ground argued on appeal must been argued 
 to the trial judge in order to be addressed on appeal); Taylor v. Medenica, 
 324 S.C. 200, 216, 479 S.E.2d 35, 44 (1996) (holding a party may not argue one 
 ground for an objection at trial and a different ground on appeal); see also 
 Rule 210(h), SCACR (stating the appellate court will not consider any fact 
 which does not appear in the Record on Appeal); Crestwood Golf Club, Inc. 
 v. Potter, 328 S.C. 201, 215, 493 S.E.2d 826, 834 (1997) (holding appellant 
 has the burden of providing this Court with a sufficient record on which to 
 make its decision).
IV.    Social Security Records
Wilson Tree argues the commissioner abused her 
 discretion when she denied Wilson Trees motion for an adjournment or continuance 
 to review Cassidys Social Security records (records).  We disagree.
The granting or denial of a continuance is within 
 the sound discretion of the trial judge and is reviewable on appeal only when 
 an abuse of discretion appears from the record.  Hamm v. South Carolina 
 Pub. Serv. Commn, 312 S.C. 238, 240, 439 S.E.2d 852, 853 (1994).
Prior to the final hearing, Wilson Tree requested 
 the commissioner to authorize the review of Cassidys records so that it could 
 cross-examine Cassidys doctors regarding their diagnoses of Cassidys condition.  
 However, the commissioner did not order Cassidy to provide an authorization 
 because the records were being held on file in the Columbia office of the Social 
 Security Administration for Wilson Tree to review.  Cassidy notified Wilson 
 Tree of the records location one week prior to the final compensation hearing.  
 The day of the hearing, Wilson Trees counsel attempted to review the records 
 but was told the records were either lost in the building or had been returned 
 to storage.  At the hearing, Wilson Tree moved for an adjournment or continuance 
 to have time to review the records.  The commissioner denied the motion, finding 
 Wilson Tree had ample time to review the records prior to the hearing and simply 
 waited too long to do so.
Wilson Tree did not request authorization to review 
 the records until nearly six months after Cassidy filed for lifetime workers 
 compensation benefits.  Cassidy notified Wilson Tree of the records locations 
 approximately one week prior to the hearing, but Wilson Tree waited until the 
 day of the final hearing to attempt to review the records.  Furthermore, more 
 than eight years passed between the time Cassidy filed his workers compensation 
 claim and Wilson Trees request to review the records.
The commissioner found, and we agree, Wilson Tree 
 had ample time to review the records prior to the hearing.  Wilson Tree merely 
 failed to do so.  Thus, the commissioner did not abuse her discretion in denying 
 Wilson Trees motion for an adjournment or continuance.  See id.
CONCLUSION
For the foregoing reasons, the circuit courts 
 order affirming the full commissions order finding Cassidy totally and permanently 
 disabled and awarding him lifetime medical benefits and lifetime disability 
 benefits of $292.98 per week is
AFFIRMED.
CURETON, STILWELL, and HOWARD, JJ., concur.