THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dennis Ray Bevis,       
Respondent,
 
 
 

v.

 
 
 
Georgia-Pacific Corporation, Self-Insured Employer,       
Appellant.
 
 
 

Appeal From Spartanburg County
Donald W. Beatty, Circuit Court Judge

Unpublished Opinion No. 2003-UP-543
Heard September 10, 2003  Filed September 
 23, 2003

AFFIRMED IN PART AND REVERSED IN PART

 
 
 
Grady L. Beard and Marcy J. Lamar, of Columbia, for Appellant.
Richard H. Rhodes and Ray E. Thompson, Jr., of Spartanburg, 
 for Respondent.
 
 
 

STILWELL, J.:  In this workers compensation 
 case, Georgia-Pacific appeals the circuit court order affirming in part and 
 reversing in part the decision of the workers compensation commission.  We 
 affirm in part and reverse in part.  
FACTS/PROCEDURAL HISTORY
In 1997, Dennis Ray Bevis was operating 
 a jumbo press when his leg became pinned.  Several co-workers freed him, and 
 his knee and calf were swollen.  Bevis supervisor was immediately made aware 
 of the accident and reported it in the first aid log.  After this incident, 
 Bevis knee would lock up occasionally.  In December 1998, Bevis was told the 
 machine he used was going to be replaced, and the new machine would require 
 more bending, stooping, and twisting.  When he learned this, Bevis went to his 
 family doctor who referred him to Dr. McClure, an orthopedic surgeon.  After 
 meeting with Dr. McClure, Bevis met with his supervisors and completed paperwork 
 to continue treatment.  Arthroscopic surgery was performed on January 5, 1999, 
 a second surgery was performed on July 29, 1999, and Bevis began physical therapy.  
 Bevis trouble with his knee continued, and Dr. McClure referred him to Miller 
 Orthopedic Clinic, which specializes in knees.  Two of the doctors at the Miller 
 Clinic consulted and indicated they felt it was reasonable to believe . . . 
 that a . . . coblation procedure may alleviate some of his symptoms and lessen 
 the disability to his knee.  Bevis testified he wanted the surgery.  
On July 15, 1999, Bevis was instructed 
 to dust down the plant floor.  Bevis was given a bucket to carry debris, and 
 as he was walking down several steps to spread the material, his knee caught 
 and he fell down onto his back and neck.  Bevis was seen by the company doctor 
 the day after the fall.  The fall was treated as a compensable accident.  X-rays 
 revealed a ruptured disc at C5-6.  Bevis was referred to a neurosurgeon, who 
 prescribed traction and prohibited Bevis from working for one week.  Bevis 
 pain persisted, and the neurosurgeon recommended surgery.  Bevis sought compensation 
 for both the knee injury and the neck injury.  The parties agreed that the claims 
 were separate and independent of each other, but consented to them being tried 
 together.  
The single commissioner found Bevis sustained 
 an injury by accident to his knee on June 5, 1997, and another to his neck on 
 July 15, 1999.  The commissioner found Bevis reached maximum medical improvement 
 (MMI) to his knee but did not allow additional surgery.  She deferred a finding 
 of disability until a determination was made on the neck.  She found Bevis had 
 not reached MMI to his neck and referred him to the neurosurgeon for treatment, 
 including surgery if necessary.  Both parties appealed to the full commission, 
 which adopted the single commissioners order in full.  Both parties appealed 
 to the circuit court, which held the knee surgery should be allowed and Bevis 
 should receive temporary total benefits retroactive to January 10, 2000, the 
 date the neurosurgeon found him to be disabled and in need of surgery. All other 
 portions of the commissions decision were affirmed.  
STANDARD OF REVIEW
The Administrative Procedures Act establishes 
 the standard of review for decisions by the South Carolina Workers Compensation 
 Commission.  Brunson v. Wal-Mart Stores, Inc., 344 S.C. 107, 110, 542 
 S.E.2d 732, 733 (Ct. App. 2001).  The reviewing court may not substitute its 
 judgment for that of the full commission as to the weight of the evidence on 
 questions of fact, but may reverse if the decision is affected by an error of 
 law.  Id.  A reviewing court should affirm a decision by the Full 
 Commission unless it is clearly erroneous in view of the substantial evidence 
 on the whole record.  Id. 
LAW/ANALYSIS
I.  Knee and Neck 
 Injuries
Georgia-Pacific argues the trial court erred 
 in reversing the commissions finding that Bevis was not entitled to additional 
 knee surgery and retroactive temporary benefits.  We agree.
In adopting the findings of the single commissioner, 
 the full commission denied the third knee surgery suggested by the Miller Orthopedic 
 Clinic because (1) opinions differed whether additional surgery would lessen 
 disability and the recommendation seemed speculative, and (2) videotapes showing 
 Bevis off-the-job activities subsequent to the injuries indicated no additional 
 medical treatment was warranted for the knee, though they did not discredit 
 either claim.  The circuit court found Bevis should not have been denied additional 
 knee surgery because (1) Dr. McClures finding that Bevis had reached MMI did 
 not automatically exclude additional surgery or treatment; (2) there was no 
 conflicting evidence whether surgery would lessen the disability, and the only 
 evidence from the Miller Clinic stated it was reasonable to conclude surgery 
 would lessen the pain and disability; and (3) the videotapes did not demonstrate 
 additional medical treatment was not warranted.  
Dr. McClure testified Bevis reached 
 MMI to his knee as of January 3, 2000, with a 20% permanent partial impairment 
 and additional surgical procedures would not decrease his disability and could 
 make his impairment worse.  The videotapes viewed by the commission showed Bevis 
 helping replace vinyl windows at a residence.  The commission noted it was not 
 apparent that Bevis had obvious knee trouble, though he moved carefully.  The 
 commission stated one videotape showed Bevis doing a good deal of bending, 
 lifting, measuring, and standing.  We find this to be substantial evidence 
 to support the commissions finding as to the knee injury, and the circuit court 
 erred in making its own findings on this issue.  
The commission found Georgia-Pacific 
 would be responsible for temporary total benefits if and when the neurosurgeon 
 scheduled the recommended surgery, but held Bevis not entitled to any retroactive 
 temporary total or temporary partial benefits.  The circuit court stated 
 it differs with the Commission on the issue of temporary total benefits and 
 found entitlement to temporary benefits from January 10, 2000, until MMI.  In 
 finding Bevis was not entitled to retroactive temporary benefits, the commission 
 specifically noted he was working at various times during his claim and thus 
 was not entitled to benefits.  The videotapes demonstrated he was able to work, 
 and Bevis testified he had been working.  Substantial evidence supports 
 the commissions findings, and the circuit court erred in finding otherwise.  

Georgia-Pacific argues the commission 
 erred in finding Bevis knee and neck problems were causally related to the 
 incidents of June 5, 1997 and July 15, 1999, and in finding no evidence 
 existed of other causes for Bevis neck injury.  Georgia-Pacific further contends 
 the circuit court erred in awarding Bevis mileage, medical treatment, and temporary 
 disability benefits in connection with the two accidents.  These arguments have 
 no merit.  
As to the knee injury, two of Bevis co-workers 
 witnessed Bevis injure his knee and stated Bevis complained about his knee and 
 it would sometimes catch or lock up after the incident.  Although Georgia-Pacific 
 contends the 18-month delay in seeking medical treatment is problematic, Dr. 
 McClure stated it would not surprise him that Bevis did not report the condition 
 for 18 months.  Georgia-Pacific contends Bevis injury was the result of a car 
 accident he was involved in two weeks before seeking treatment.  However, no 
 evidence indicates Bevis suffered any injury from the car accident.  Because 
 substantial evidence supports the commissions finding that Bevis knee injury 
 arose out of the work-related accident, we find no error.  
As to the neck injury, a supervisor saw 
 Bevis immediately after the accident.  Bevis was sent to the company doctor 
 the following day.  Bevis stated he had not had any prior injuries or problems 
 with his neck.  Georgia-Pacific contends Bevis had previous neck injuries.  
 However, the neurosurgeon stated that even if Bevis had previous neck pain or 
 injuries, he believed the neck problems were not caused by any previous problems 
 but rather by the recent injury.  Because substantial evidence supports the 
 commissions finding that Bevis neck injury arose out of the work-related accident, 
 we find no error.  Additionally, we find no error in the commissions finding 
 that no evidence existed of other causes of Bevis neck injury.  Because substantial 
 evidence supports the commissions decision as to both injuries, the circuit 
 court did not err in awarding Bevis mileage, medical treatment, and disability 
 benefits.  
II.  Fraud
Georgia-Pacific argues the evidence supports 
 fraud in the initiation of benefits.  We disagree.  
Georgia-Pacific contends Bevis conduct 
 in its video surveillance supports a claim for fraud.  Bevis was videotaped 
 in November and December of 1999 doing various work, including replacing vinyl 
 windows at a residence.  In one video, Bevis was doing a good deal of bending, 
 lifting, measuring, and standing.  Another video failed to reveal that Bevis 
 had obvious knee trouble although he moved carefully.  Although Bevis was 
 doing activities he had been instructed not to do, the activities were light 
 and another person was doing most of the work.  The evidence in the videotapes 
 is insufficient to support a finding of fraud in the initiation of the claim.  
 Further, a co-worker and Bevis supervisor described Bevis as a good employee 
 who was honest and hardworking.  
III.  Statute of Limitations
Georgia-Pacific argues the knee claim 
 was barred by the statute of limitations.  We disagree.  
 Georgia-Pacific treated the knee as a 
 work-related accident until it terminated Bevis on December 28, 1999, paying 
 for medical treatment as well as both surgeries.  While Bevis was unable to 
 work following surgery, he received temporary total benefits.  The statute of 
 limitations for workers compensation claims is two years.  S.C. Code Ann. § 
 42-15-40 (Supp. 2002).  However, [i]n determining this question, we follow 
 the rule that, [w]hen an employer voluntarily makes compensation payments, 
 the period for filing usually dates from the last payment.  Hopkins v. 
 Floyds Wholesale, 295 S.C. 154, 156, 367 S.E.2d 447, 448 (Ct. App. 1988).  
 Thus, Bevis claim fell within the two-year statute of limitations, which did 
 not begin to run until December 28, 1999 when Georgia-Pacific terminated Bevis 
 and stopped making payments.
AFFIRMED IN PART AND REVERSED IN PART.
 HOWARD and KITTREDGE, JJ., concur.