20709

Belton T. BENNETT, Respondent, v. GARY SMITH BUILDERS and Pennsylvania National Mutual Casualty Company, Appellants.

(245 S. E. (2d) 129)

*Duke K. McCall, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellants.*

*C. Ben Bowen,* of *Abrams, Bowen, Robertson & Tapp,* Greenville, *for respondent.*

June 8, 1978.

LITTLEJOHN, Justice:

The circuit court affirmed an award of the South Carolina Industrial Commission in favor of the employee-respondent, Belton T. Bennett. Gary Smith Builders and Pennsylvania National Mutual Casualty Company, employer-appellants, have appealed, alleging error (1) in the method of computing the average weekly wage of Bennett, and (2) in ruling that he was not a casual employee.

Bennett worked as a carpenter for Smith Builders for some 16 to 18 years. He quit his job at age 62, nine years prior to his injury which occurred on May 6, 1975, and began drawing Social Security. From the time of his leaving employment until the time of his injury, Bennett would work each year for Smith Builders until he received the maximum he was permitted to earn without penalty while drawing Social Security payments; then he would quit and not work the rest of the year. His working time amounted to some three or four months, during which time he earned about $2,500.00 per year.

While so working, on May 6, 1975, Bennett suffered a compensable injury entitling him to Workmen's Compensation benefits.

The Industrial Commission has found that the respondent is totally disabled and has made an award just as though he were a full-time eemployee. The action of the Commission was affirmed by the lower court.

In this appeal the employer submits two questions:

1. Did the South Carolina Industrial Commission incorrectly compute the average weekly wage of the respondent who had voluntarily for eight to nine years, while working with the employer, limited his earnings to the maximum annual income of $2,500.00?

2. Was the respondent a casual employee when his work was for a short period of time and/or a limited purpose so as to make him ineligible for benefits under the South Carolina Workmen's Compensation Act?

We are of the opinion that the second question is without merit.

Having determined that Bennett was not a casual employee, the only issue left for determination is the amount of weekly compensation to which he is entitled. Since the amount of an award is geared to "average weekly wages," the determination of the average weekly wage is of crucial importance.

The statute, § 42-1-40 of the Workmen's Compensation Act, defines the term as follows:

"[1] *Average weekly wages* shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, . . . divided by fifty-two.

[2] but if the injured employee lost more than seven consecutive calendar days at one or more times during such period, although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted.

[3] When the employment prior to the injury extended over a period of less than fifty-two weeks, the method if dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results fair and just to both parties will be thereby obtained.

[4] Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impracticable to compute the average weekly wages as defined in this section, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.

[5] But when for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury. . . . . ."

The Commission determined the average weekly wage under [3] quoted above. It divided the earnings during the

period of employment by the number of weeks worked and found Bennett's average weekly wage to be $151.48, thereby making the compensable rate $91.17. At $151.48 per week, he would have earned $7,876.96 in a full year of employment. Workmen's Compensation benefits at $91.17 per week would amount to $4,740.84 per year, which is almost twice as much as he actually earned during any one of the last nine years.

Factually analyzed, we have an employee who for reasons satisfactory to himself, while fully capable of working, quit and withdrew his services from the labor market except for three or four months in the year. Disability has caused him to lose approximately $2,500.00 per year. Failure to receive any amount over and above that figure in the past or future is not attributable to the injury he has sustained, but rather is attributable to the pattern of work activity he has voluntarily assumed.

The statute quoted hereinabove, like statutes in many other states, obviously takes into consideration the fact that unusual circumstances relative to employment may occur. An·elasticity or flexibility is permitted with a view toward always achieving the ultimate objective of reflecting fairly a claimant's probable future earning loss.

We think that the lower court erred, as a matter of law, in refusing to apply section [5], quoted above, and in holding that its method used . . . "to compute the average weekly wage and the compensation rate is fair and just to both parties." By using [5] as a basis for determining the amount to be paid, the Commission would have arrived at the amount . . . "which the injured employee would be earning were it not for the injury." Obviously, the amount which the employee would have earned in the subsequent years was approximately $2,500.00. It is grossly unfair to the employer to require payments of almost twice that amount. The objective of wage calculation is to arrive at a fair approximation of the claimant's probable future earning capacity. His disability reaches into the future, not the past; his loss as a result of injury must be thought of in

terms of its impact on probable future earnings. The calculation we hereby approve brings about a result fair to the employee and to the employer. It neither rewards the employee for working less than full time, nor punishes the employer for having given Bennett part-time employment after he declined full-time employment.

This court has heretofore discussed similar questions in *Foreman v. Jackson Minit Markets, Inc.*, 265 S. C. 164, 217 S. E. (2d) 214 (1975), and in *McCummings v. Anderson Theatre Co.*, 225 S. C. 187, 81 S. E. (2d) 348 (1954).

The case is reversed and remanded to the Court of Common Pleas for the purpose of remanding the same to the Industrial Commission to amend its award in keeping with the views herein expressed.

Reversed and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.