607 S.E.2d 90

**Katherine ELLIOTT, Appellant,**

v.

**S.C. DEPARTMENT OF TRANSPORTATION and State Accident Fund, Respondents.**

No. 3908.

Court of Appeals of South Carolina.

Heard Sept. 15, 2004.
Decided Dec. 20, 2004.

Malcolm M. Crosland, Jr., of Charleston, for Appellant.
Samuel Thompson Brunson, of Florence, for Respondents.

STILWELL, J.:

Katherine Elliott appeals the circuit court's order affirming the workers' compensation commission's decision to calculate her average weekly wage without including her earned salary increase. We reverse and remand.[1]

## FACTS

Elliott was employed by the South Carolina Department of Transportation as a Trade Specialist II, earning an annual salary of $19,253. After she obtained her commercial driver's license, she earned a five percent salary increase that was effective September 17, 2000. On September 28, 2000, Elliott was injured in a work-related activity.

Elliott filed for workers' compensation benefits, arguing her five percent pay increase constituted an "exceptional reason" for departing from the standard method used to calculate the compensation rate. The standard calculation is based upon a claimant's fifty-two weeks of earnings immediately preceding the date of injury. The single commissioner utilized the standard method to establish Elliott's rate of compensation, excluding her wage increase. The majority of the full commission affirmed. However, in a dissenting opinion, one of the commissioners concluded Elliott's salary increase was extraordinary, and fairness required its inclusion in calculating her average weekly wage to more appropriately reflect her future earning capacity. The circuit court affirmed the decision of the majority of the full commission.

## DISCUSSION

 Elliott contends the circuit court erred as a matter of law by affirming the decision of the full commission, arguing her five percent salary increase qualifies as an "exceptional reason" to recalculate her average weekly wage to most nearly

---

1. Neither respondent filed a brief. Accordingly, we review the appeal based on the record and appellant's arguments. *See* Rule 208, SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.").

approximate the amount she would have been earning but for her injury. We agree.

The Administrative Procedures Act governs our review of the decisions of the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). We will not weigh the evidence or substitute our judgment for that of the full commission on questions of fact. However, we may reverse or modify the commission's decision when a claimant's substantial rights are prejudiced because of an error of law. S.C.Code Ann. § 1–23–380(A)(6) (Supp. 2003).

Although the parties agreed to stipulated facts before the full commission, there is nothing in the record to suggest they stipulated whether Elliott's pay increase qualified as an "exceptional reason" to depart from the standard wage calculation employed by the single commissioner. We also recognize the full commission acting as fact-finder found Elliott's average weekly wage did not include her pay increase. However, their finding is not dispositive. The determination of whether Elliott's raise constitutes an "exceptional reason" for purposes of applying the standard wage calculation method provided by the Workers' Compensation Act is a question of law.

S.C.Code Ann. § 42–1–40 (Supp.2003) provides in relevant part:

> "Average weekly wages" means the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of injury, . . .

> When for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

The Worker's Compensation Act is remedial legislation enacted to protect the worker. Therefore, the statute is given a broad construction in order to accomplish that end. *Booth v. Midland Trane Heating & Air Conditioning*, 298

S.C. 251, 254, 379 S.E.2d 730, 731 (Ct.App.1989). "The statute provides an elasticity or flexibility with a view toward always achieving the ultimate objective of reflecting fairly a claimant's probable future earning loss." *Sellers v. Pinedale Residential Ctr.*, 350 S.C. 183, 191, 564 S.E.2d 694, 698 (Ct.App.2002). Moreover, it is well established that the objective of wage calculation is to arrive at a fair approximation of the claimant's probable future earning capacity. Disability reaches into the future, not the past; loss as a result of the injury must be thought of in terms of its impact on probable future earnings. *Bennett v. Gary Smith Builders*, 271 S.C. 94, 98–99, 245 S.E.2d 129, 131 (1978).

Elliott earned her pay increase by voluntarily pursuing special certification and licensing. The additional pay was a merit-based reward given in recognition of her efforts to obtain a commercial driver's license, and was not merely a standard cost-of-living increase or step increase based on longevity of service. In addition, the raise was not speculative, but was an established, guaranteed amount already in place at the time of the accident. While the increase in pay is small, the amount of the raise is not the factor that determines whether it is an exceptional reason for recalculating the average weekly wage. The inclusion of the increase in salary will, in the words of the statute, "most nearly approximate the amount which the injured employee would be earning were it not for the injury." S.C.Code Ann. § 42–1–40 (Supp. 2003).

We therefore conclude Elliott's earned pay increase qualifies as an "exceptional reason" to recalculate her average weekly wage. Accordingly, we reverse the decision of the circuit court and remand this case to the full commission with directions to recalculate Elliott's average weekly wage including the five percent pay raise.

**REVERSED and REMANDED.**

BEATTY and SHORT, JJ., concur.