619 S.E.2d 453

**Carol ROBERTS, Appellant,**

v.

**McNAIR LAW FIRM and Companion Commercial Ins. Co., Respondents.**

**No. 3999.**

Court of Appeals of South Carolina.

Submitted May 1, 2005.
Decided June 13, 2005.
Rehearing Dismissed Sept. 28, 2005.

Thomas R. Goldstein, of Charleston, for Appellant.

J. Hubert Wood, III, James R. Porter, Jr., and J. Alexandra van Staveren, all of Charleston, for Respondents.

STILWELL, J.:

Carol Roberts appeals the circuit court's order affirming the workers' compensation commission's decision to calculate her compensation rate without considering merit raises she received after her injury. Additionally, Roberts appeals the decision to count "half weeks" of work against the allocated recovery period. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Roberts was employed at the McNair Law Firm as a paralegal. On October 1, 1998, she tripped over a box of files and suffered a herniated disk. After an initial period of treatment, she was admitted to the hospital where a surgeon performed a laminectomy and fusion procedure. She returned to work part-time on May 31, 2000, and was paid temporary partial disability compensation. After her injury, Roberts received three merit raises. Due to her injury, Roberts stopped working on June 19, 2001.

Roberts filed for total permanent workers' compensation benefits. After a hearing on May 14, 2002, the single commissioner found Roberts totally and permanently disabled. In an order dated March 10, 2003, the single commissioner made the following pertinent findings: (1) McNair paid all the temporary disability compensation for which they were liable; (2) Roberts sustained a greater than 50% permanent loss of the use of her back as a result of the injury; (3) there were no exceptional circumstances to warrant departure from the method of average weekly wage calculations under section 42–1–40 of the Workers' Compensation Act; and (4) Roberts was entitled to 500 weeks of compensation less the number of weeks of temporary disability compensation already received.

Roberts appealed to the full commission arguing entitlement to a compensation rate that included the merit raises she received during her part-time employment. Additionally, Roberts alleged the single commissioner erred by counting "half weeks," when she worked part-time, as full weeks against the statutory 500–week recovery period.

The full commission adopted the commissioner's order and affirmed. The circuit court likewise affirmed.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). In an appeal from the commission, this court may not substitute its judgment for that of the full commission as to the weight of the evidence on

questions of fact. S.C.Code Ann. § 1–23–380(A)(6) (2005). The appellate court may reverse or modify the full commission's decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Id.*

## LAW/ANALYSIS

### A. Calculation of compensation rate

Roberts contends the commission erred by failing to include her post-injury merit increases in calculating her compensation rate. We disagree.

Section 42–1–40 states:

'Average weekly wages' means the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury.... 'Average weekly wage' must be calculated by taking the total wages paid for the last four quarters immediately preceding the quarter in which the injury occurred ... divided by fifty-two or by the actual number of weeks for which wages were paid, whichever is less.

. . .

When for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

S.C.Code Ann. § 42–1–40 (Supp.2004).

At the time of Roberts' injury, she earned $533.95 a week. Roberts returned to work on a part-time basis until June 19, 2001, when she was unable to continue working. After her injury, Roberts received three merit increases, raising her weekly salary to an alleged $594.27, an increase of $60.32 a week.

The question before this court is whether the raises Roberts received constituted extraordinary circumstances entitling her to a compensation rate based on her new salary. The single commissioner found that "salary increases subsequent to an

injury by accident do not provide exceptional reasons to justify departure from the method of average weekly wage calculation prescribed under section 42–1–40 as such an argument could be made in almost every worker's compensation case." Roberts argues the commissioner erred, relying on *Sellers v. Pinedale Residential Center,* 350 S.C. 183, 564 S.E.2d 694 (Ct.App.2002), in support of her argument. We find *Sellers* distinguishable.

In *Sellers,* the claimant was a sixteen-year-old high school student working part-time when he sustained a spinal cord injury that rendered him a paraplegic. *Sellers,* 350 S.C. at 185, 564 S.E.2d at 696. His compensation rate from his part-time employment was less than $100. *Id.* The commission considered the extent of the injury and the claimant's age constituted exceptional circumstances requiring a departure from the method of average weekly wage calculation set forth in section 42–1–40. The commission therefore considered the claimant's probable future earning capacity in determining the claimant's compensation award. In affirming the commission, this court stated: "As the commission found '[b]ut for the severe injury, [Sellers] clearly demonstrated the interest, aptitude, and ability to become an electrician.' ... [Sellers] stated his goal was to become a master electrician." *Sellers,* 350 S.C. at 191–92, 564 S.E.2d at 699.

In this case, Roberts was fully employed and earned a full-time salary at the time of her accident. The extraordinary circumstances present in *Sellers* are not present in this case.

We likewise conclude the extraordinary circumstances found in *Elliott v. South Carolina Department of Transportation,* 362 S.C. 234, 607 S.E.2d 90 (Ct.App.2004), do not apply here. In *Elliott,* the claimant received a *pre-injury* salary increase. *Elliott,* 362 S.C. at 236, 607 S.E.2d at 91. Roberts' merit increases were *post-injury.* Mindful of our standard of review, we find evidence to support the commission's finding that Roberts' post-injury increases do not justify deviating from the statutory method of average weekly wage calculation.

## B. Calculation of the number of weeks awarded

■ Roberts argues the weeks she worked part-time and received temporary partial compensation should not be count-

ed as full weeks in determining the number of weeks paid in her permanent award. We disagree.

Roberts was paid temporary partial disability as compensation for her reduced earnings during the weeks she returned to work after her initial recovery from surgery in accordance with section 42–9–20 of the South Carolina Code (1985).

Section 42–9–20 states:

[W]hen the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as provided in this chapter, to the injured employee during such disability a weekly compensation equal to sixty-six and two-thirds percent of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than the average weekly wage in this State for the preceding fiscal year.

S.C.Code Ann. § 42–9–20 (1985).

Roberts argues she should be paid total compensation for the entire 500 weeks allocated for permanent recovery, disregarding the weeks she was compensated for partial disability. We disagree. Section 42–9–10 of the Workers' Compensation Act provides that, except under circumstances not applicable in this case, the period for compensation may not exceed 500 weeks. S.C.Code Ann. § 42–9–10 (Supp.2004).

Roberts attempts to characterize the weeks she received partial disability compensation as "half weeks." We find she was not paid "half weeks" as she alleges but was paid temporary partial disability benefits pursuant to section 42–9–20 to compensate for her reduced earnings during the period she worked part-time. We accordingly hold the commission did not err in finding Roberts entitled to the sum of 500 weeks of compensation less the number of weeks she received temporary partial compensation.

## CONCLUSION

For the reasons set forth herein, the decision of the circuit court affirming the full commission is

**AFFIRMED.**

ANDERSON and WILLIAMS, JJ., concur.