THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Hank Singleton, Appellant,
v.
Stevens Shipping & Terminal Co., Employer, and Genesis, Carrier,
Respondents.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-066
Submitted January 1, 2006  Filed January 26, 2006

AFFIRMED

 
Malcolm M. Crosland, Jr., of Charleston, for Appellant.
J. Hubert Wood, III, and J. Alexandra van Staveren, both of Charleston, for Respondents.
 

PER CURIAM:  Hank Singleton appeals the trial courts denial and dismissal of his appeal from the Workers Compensation Commission.  Singleton argues the trial court erred as a matter of law in failing to apply the appropriate methodology for calculating his average weekly wage as defined under section 42-1-40 of the South Carolina Code (Supp. 2005).  We affirm.[1]  
FACTS
On June 9, 2000, Hank Singleton was involved in an accident arising out of and in the course of his employment with Stevens Shipping and Terminal Company at the Wando Terminal in Mt. Pleasant, South Carolina.  Singleton was operating a hustler machine when a crane picked up a container that was not properly detached and caused the hustler machine to be lifted and dropped.      
At the time of the accident, Singleton was a member of the Longshoreman Association and was classified as a Journeyman.  As a Journeyman, a classification achieved by working over seven hundred hours on the docks, Singleton was able to obtain seniority over newcomers and could get work before others.  Singleton had been working at the waterfront for about five years.  Just before his injury, Singleton worked, on average, three to four days a week and was only paid for the time he worked.   Singleton never made more than $7,000 a year.
Singleton was chosen to be an Operator for the Nucor Scrap Gang.  However, Singleton was injured before the list was made public.  A typical member of the Nucor Scrap Gang earns $13.50 per hour, works ten to eleven hour days about seven days a week, and makes a weekly wage between $700 and $800.  
A Single Commissioner of the Workers Compensation Commission held a hearing on May 31, 2002 to determine if Stevens was required to pay compensation to Singleton.  The Commissioner found Singleton was entitled to compensation, and determined Singletons compensation rate was $86.78 based on an average weekly wage of $130.10.  The average weekly wage was reached by taking one half of Singletons earnings for 1999, combining those with his earnings from 2000, and dividing the total by forty-nine weeks (the number of weeks from July 1, 1999 through date of Singletons injury).  The Commissioner cited Singletons sporadic work history, Singletons documented earnings for 1999 and 2000, Singletons admission that he has never earned more than $7,000 in a calendar year, and testimony indicating Singleton had a little more than seven hundred documented work hours on the waterfront since becoming a longshoreman in 1996, as evidence supporting the decision.  
Singleton appealed the Commissioners decision to the Workers Compensation Commission.  The Commission affirmed the Single Commissioners order in its entirety.  
Singleton appealed the Commissions decision to the trial court.  The trial court found substantial evidence to support the Commissions decision, and therefore, denied and dismissed Singletons appeal.  This appeal followed.  
STANDARD OF REVIEW
The South Carolina Administrative Procedures Act governs judicial review of a decision of an administrative agency.  Clark v. Aiken County Govt, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct. App. 2005) (citing S.C. Code Ann. §§ 1-23-310 to -400 (Supp. 2005)).  Section 1-23-380(A)(6) of the South Carolina Code (Supp. 2005) establishes the substantial evidence rule as the standard of review.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 133, 276 S.E.2d 304, 305 (1981).  Under this standard, a reviewing court may reverse or modify an agency decision based on errors of law, but may only reverse or modify an agencys findings of fact if they are clearly erroneous.  See S.C. Code Ann. § 1-23-380(A)(6)(d) and (e) (Supp. 2005).  
[T]his court must affirm an award of the Workers Compensation Commission in which the circuit court concurred if substantial evidence supports the findings.  Solomon v. W.B. Easton, Inc., 307 S.C. 518, 520, 415 S.E.2d 841, 843 (Ct. App. 1992).  Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action.  Howell v. Pac. Columbia Mills, 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987).  The possibility of drawing two inconsistent conclusions from the evidence does not prevent the commissions findings from being supported by substantial evidence.  Sellers v. Pinedale Residential Ctr., 350 S.C. 183, 188, 564 S.E.2d 694, 697 (Ct. App. 2002).  
LAW/ANALYSIS
Singleton argues the trial court failed to apply the appropriate methodology for calculating his average weekly wage.  We disagree. 

Section 42-1-40 of the South Carolina Code (Supp. 2005) provides:
 
Average weekly wages means the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury . . . . Average weekly wage must be calculated by taking the total wages paid for the last four quarters immediately preceding the quarter in which the injury occurred . . . divided by fifty-two or by the actual number of weeks for which wages were paid, whichever is less.  [portions omitted]
When for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.
 

The statute provides an elasticity or flexibility with a view toward always achieving the ultimate objective of reflecting fairly a claimants probable future earning loss.  Sellers, 350 S.C. at 191, 564 S.E.2d at 698.  Moreover, it is well established that the objective of wage calculation is to arrive at a fair approximation of the claimants probable future earning capacity.  Elliott v. S.C. Dept of Transp., 362 S.C. 234, 238, 607 S.E.2d 90, 92 (Ct. App. 2004).
The Commissioner found no exceptional circumstances to justify the calculation of an average weekly wage based on speculative future earnings.  We find, based on the substantial evidence standard of review, reasonable minds could reach the conclusion the Commissioner and, subsequently, the Commission reached.  Singletons pay and hours are both speculative because, at the time of the injury, he had not started working with the Nucor Scrap Gang.  In fact, the record indicates Singleton was never offered a job with the Nucor Scrap Gang; Singleton was merely chosen to be the operator but before the list was put out, he was injured.  In addition, Singleton had an established work history and no demonstrated commitment to working more than three or four days a week.[2]
CONCLUSION
Based on the above, we find the trial court did not err in dismissing and denying Singletons appeal.  The decision of the trial court is accordingly 
 AFFIRMED.
KITTREDGE, WILLIAMS, JJ., AND CURETON, A.J.,
concur.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.  
[2] We note that this case can be distinguished from cases when the reviewing court found exceptional circumstances existed.  In those cases, either the claimant had a guaranteed, proven raise or other exceptional circumstances existed that are not present here.  See, e.g., Elliott, 362 S.C. at 238, 607 S.E.2d at 92 (finding exceptional circumstances when the claimant was given a merit based award that was not speculative and was already in place at the time of the accident); see also, Booth v. Midland Trane Heating & Air Conditioning, 298 S.C. 251, 379 S.E.2d 730 (Ct. App. 1989) (finding claimants average weekly wage should be calculated based solely on new wage because raise given four months before injury); see also Sellers, 350 S.C. 183, 564 S.E.2d 694 (Ct. App. 2002) (affirming Commissions finding that exceptional circumstances existed to calculate wage based on future projections when claimant was young, seriously injured, and had a good work ethic).