THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Waymon D.
 Hendrix, Respondent/Appellant,
 
 
 

v.

 
 
 
 John D.
 Hollingsworth on Wheels, Inc., and The Hartford, Appellants/Respondents.
 
 
 

Appeal From Appellate Panel
 South Carolina Workers' Compensation
Commission

Unpublished Opinion No. 2012-UP-111   
 Heard December 6, 2011  Filed February
22, 2012

AFFIRMED

 
 
 
 Duke K. McCall, Jr., of Greenville, for
 Appellants/ Respondents.
 Andrew Carl Barr, of Greenville, for
 Respondent/ Appellant.
 
 
 

PER CURIAM: Waymon Hendrix suffered injuries in an
 admitted work-related accident on February 12, 2008.  Prior to the accident, in
 September 2007, employer John D. Hollingsworth on Wheels, Inc., granted
 Hendrix's request to be moved from full-time to part-time employment to avoid a
 reduction of his social security benefits.  Hollingsworth appeals the average
 weekly wage calculation of the appellate panel of the workers' compensation commission. 
 Hendrix cross-appeals the appellate panel's finding that his cervical spine
 condition was not causally related to the accident.  We affirm the order of the appellate panel pursuant to
 Rule 220(b)(1), SCACR, and the following authorities:
(1) As to the calculation of
 Hendrix's average weekly wage: Pilgrim v. Eaton, 391 S.C. 38, 44-45, 703 S.E.2d 241, 244 (Ct. App. 2010) (stating
 the commission must calculate average weekly wage "'by taking the total
 wages paid for the last four quarters . . . divided by fifty-two or by the
 actual number of weeks for which wages were paid, whichever is less' . . .
 unless 'the employment, prior to the injury, extended over a period of less
 than fifty-two weeks,' or unless 'for exceptional reasons' it would be unfair
 to do so." (quoting S.C. Code Ann. § 42-1-40 (Supp. 2011))); 391 S.C. at
 44, 703 S.E.2d at 243-44 (stating "an appellate court may not reverse the
 commission's decision [of the average weekly wage calculation] unless
 substantial rights of the appellant have been prejudiced because the decision
 is affected by an error of law, or because the factual findings are clearly
 erroneous in view of the reliable, probative, and substantial evidence"). 
 We find this case distinguishable from Bennett v. Gary Smith Builders,
 271 S.C. 94, 245 S.E.2d 129 (1978) for several reasons, including (1) the
 length of the part-time employment prior to the injury was less than five
 months and was therefore not permanently established, (2) the average weekly
 wage calculation included both full-time and part-time salary amounts, and (3)
 the commission specifically found the calculation to be fair and reasonable.
(2) As to the
 factual finding that Hendrix's cervical spine condition was not causally
 related to the work accident: Bartley v. Allendale Cnty. Sch. Dist., 392
 S.C. 300, 306, 709 S.E.2d 619, 622 (2011) ("[T]his Court must affirm the
 findings of fact made by the Commission if they are supported by substantial
 evidence.").
AFFIRMED.
FEW, C.J., and THOMAS and
 KONDUROS, JJ., concur.