**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth Smith, Employee, Respondent,

v.

Marion Builders Group, LLC, and Builders Mutual
Insurance Company, Appellants.

Appellate Case No. 2013-001611

————————

Appeal From The Workers' Compensation Commission

————————

Unpublished Opinion No. 2015-UP-199
Heard March 3, 2015 – Filed April 15, 2015

————————

**AFFIRMED**

————————

George Albert Taylor, of Callison Tighe & Robinson,
LLC, of Columbia, for Appellants.

Everett H. Garner, of Holler, Garner, Corbett, Ormond,
Plante & Dunn, of Columbia, for Respondent.

————————

**PER CURIAM:** Marion Builders Group, LLC and Builders Mutual Insurance
Company (Appellants) assign error to the decision of the Appellate Panel of the
South Carolina Workers' Compensation Commission (Appellate Panel), which
affirmed the single commissioner's calculation of Claimant Kenneth Smith's
average weekly wage, as amended. Specifically, Appellants argue that the revised

calculation reflects an unsupported factual finding of Smith's average hourly rate and average hours per week.  On the other hand, Smith argues the Appellate Panel's calculation reached a "fair approximation" of Smith's average weekly wage.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. § 42-1-40 (2015) (finding an alternative method of calculating a claimant's average weekly wage may be employed under exceptional circumstances to "most nearly approximate the amount which the injured employee would be earning were it not for the injury"); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The Appellate Panel is the ultimate fact finder in [w]orkers' [c]ompensation cases . . . ."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Sellers v. Pinedale Residential Ctr.*, 350 S.C. 183, 191, 564 S.E.2d 694, 698 (Ct. App. 2002) ("The objective of wage calculation is to arrive at *a fair approximation* of the claimant's probable future earning capacity." (emphasis added) (quoting *Bennett v. Gary Smith Builders*, 271 S.C. 94, 98, 245 S.E.2d 129, 131 (1978) (internal quotation marks omitted))).

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**