**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Decidora Lazaro, on behalf of the Estate of Antonio Lazaro, Employee, Appellant,

v.

Burriss Electrical, Employer, and South Carolina Guaranty Association, Carrier, Respondents.

Appellate Case No. 2016-000665

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2018-UP-352
Heard May 17, 2018 – Filed August 8, 2018

**AFFIRMED**

Preston F. McDaniel, of McDaniel Law Firm, of Columbia, for Appellant.

Brett Harris Bayne, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondents.

**PER CURIAM:** Antonio Lazaro (Claimant) appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Commission) denying his request for a partial lump sum payment and adjustment of his average weekly wage and compensation rate. Claimant argues the

Commission erred in denying his request for a partial lump sum payment by finding the award was not in his or his dependents' best interests, finding he was entitled to only 500 weeks of benefits, and considering evidence of his life expectancy following his injury. Claimant further argues the record shows he was entitled to an increase in his average weekly wage and compensation rate, and the Commission erred by comparing him to his employer's non-English speaking, Hispanic employees in determining his average weekly wage. We affirm.

1. We find the Commission did not err in considering medical evidence in determining Claimant's life expectancy. *See Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (recognizing that the Administrative Procedures Act (APA) establishes this court's standard of review of the Commission's decisions); S.C. Code Ann. §1-23-380(5) (Supp. 2017) (stating that under the APA, this court may reverse or modify the decision of the Commission when the substantial rights of the appellant have been prejudiced because the Commission's decision is "affected by other error of law" or "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *Ashley v. Ware Shoals Mfg. Co.*, 210 S.C. 273, 286, 42 S.E.2d 390, 396 (1947) ("It would seem clear that the . . . Commission is not at liberty to guess at the present value of future payments without regard to the contingencies that may arise."); *id.* at 287, 42 S.E.2d at 396 ("[I]f the total disability is such that there may be a change of condition or if a serious question is presented regarding the likelihood of the employee's living the length of time required to complete the installment payments, the allowance of a lump sum settlement over the objection of the employer or carrier would constitute an abuse of discretion which the appellate courts are empowered to review."); *Glover by Cauthen v. Suitt Constr. Co.*, 318 S.C. 465, 467 n.3, 458 S.E.2d 535, 537 n.3 (1995) (recognizing the South Carolina mortality table may be considered in determining a claimant's life expectancy for the purposes of calculating the present day value of his benefits); S.C. Code Ann. § 19-1-150 (2014) ("When necessary, in a civil action or other litigation, to establish the life expectancy of a person from any period in his life, whether he is living at the time or not, the [mortality table] must be received in all courts and by all persons having power to determine litigation as evidence, *along with other evidence* as to his health, constitution, and habits, of the life expectancy of the person." (emphasis added)); *Haselden v. Davis*, 341 S.C. 486, 506, 534 S.E.2d 295, 306 (Ct. App. 2000) (stating a factfinder is not bound by the life expectancy as indicated in the mortality table), *aff'd*, 353 S.C. 481, 579 S.E.2d 293 (2003).[1]

---

[1] Claimant passed away during the pendency of this appeal, on June 8, 2017. He was forty-seven years old.

2.  We find the Commission did not abuse its discretion in denying Claimant's request for a second partial lump sum payment because evidence supports the Commission's finding that this second lump sum payment was not in Claimant's or his dependents' best interests, and this request was tantamount to a total lump sum request.[2]  *See* S.C. Code Ann. § 42-9-301 (2015) (stating appellate courts review the Commission's award of a lump sum payment for an abuse of discretion); *Thompson v. S.C. Steel Erectors*, 369 S.C. 606, 612, 632 S.E.2d 874, 878 (Ct. App. 2006) ("An abuse of discretion occurs if the Commission's findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law."); § 42-9-301 ("Whenever any weekly payment has been continued for not less than six weeks, the liability therefor[e] *may*, when the employee so requests and the [C]ommission deems it not to be contrary to the best interest of the employee or his dependents, or when it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interest of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the [C]ommission . . . ." (emphasis added)); *Ashley*, 210 S.C. at 287, 42 S.E.2d at 396 ("[I]f a serious question is presented regarding the likelihood of the employee's living the length of time required to complete the installment payments, the allowance of a lump sum settlement over the objection of the employer or carrier would constitute an abuse of discretion."); S.C. Code Ann. § 42-9-10 (2015) (prohibiting total lump sum payments in cases where a claimant has been awarded lifetime benefits).

3.  We find the Commission did not err in refusing to increase Claimant's compensation rate.  *See Pilgrim v. Eaton*, 391 S.C. 38, 44, 703 S.E.2d 241, 243–44 (Ct. App. 2010) (recognizing that an appellate court may not reverse the Commission's calculation of a claimant's average weekly wage "unless substantial rights of the appellant have been prejudiced because the decision is affected by an error of law, or because the factual findings are clearly erroneous in view of the reliable, probative, and substantial evidence" (citing S.C. Code Ann. §1-23-

---

[2] Claimant previously requested a partial lump sum payment of his lifetime benefits to cover his debts and to purchase a new automobile for his family.  On October 14, 2010, the single commissioner awarded Claimant and his dependents a partial lump sum payment of $152,568.75.  The Commission affirmed the single commissioner on April 20, 2011, and the court of appeals affirmed the Commission by unpublished opinion 2014-UP-064 (filed February 6, 2014).  On February 19, 2014, Claimant requested an additional partial lump sum of approximately $325,000; the denial of this second request is at issue in this case.

380(5))); S.C. Code Ann. § 42-9-10(A) ("When the incapacity for work resulting from an injury is total, the employer shall pay, or cause to be paid, as provided in this chapter, to the injured employee during the total disability a weekly compensation equal to sixty-six and two-thirds percent of his average weekly wages . . . ."); S.C. Code Ann. § 42-1-40 (2015) (defining a claimant's average weekly wage as his earnings "in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury"); *id.* (stating a claimant's average weekly wage is calculated by "the total wages paid for the last four quarters immediately preceding the quarter in which the injury occurred as reported on the Department of Employment and Workforce's Employer Contribution Reports divided by fifty-two or by the actual number of weeks for which wages were paid, whichever is less"); *id.* ("When for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."); *Roberts v. McNair Law Firm*, 366 S.C. 50, 54, 619 S.E.2d 453, 456 (Ct. App. 2005) (holding a post-injury salary increase based on merit was not an "extraordinary circumstance" to support deviation from the statutory method of calculating a claimant's average weekly wage); *Elliott v. S.C. Dep't of Transp.*, 362 S.C. 234, 238, 607 S.E.2d 90, 92 (Ct. App. 2004) (holding a raise claimant received less than two weeks before her injury was an "exceptional reason" to increase her compensation rate because she earned the merit-based raise by pursuing special certification and licensing, it was not "merely a standard cost-of-living increase or step increase based on longevity of service," and she earned the raise before the accident); *Bazen v. Badger R. Bazen Co.*, 388 S.C. 58, 65, 693 S.E.2d 436, 440 (Ct. App. 2010) (holding the Commission did not err in failing to consider claimant's earnings as reported for tax purposes in calculating his average weekly wage).

4. Because our resolution of these issues is dispositive, we decline to address Claimant's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding the appellate court need not address appellant's remaining issue when its resolution of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**